IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LITTLE WASHINGTON** | : | |
| **FABRICATORS, INC.,** | : | **No. 22- 10695 (PMM)** |
| | : | |
| Debtor. | : | |

**APPLICATION OF THE DEBTOR FOR ORDER PURSUANT TO 11 U.S.C. § 327(e)
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014
TO EMPLOY McNEES WALLACE & NURICK LLC AS SPECIAL COUNSEL *NUNC
PRO TUNC* TO THE PETITION DATE**

Little Washington Fabricators, Inc. (the "Debtor"), by and through its undersigned counsel, Ciardi Ciardi & Astin, hereby file this application for order pursuant to 11 U.S.C. § 327(e) and Federal Rule of Bankruptcy Procedure 2014 to employ McNees Wallace & Nurick LLC as special counsel to the Debtor *nunc pro tunc* to the Petition Date, and respectfully represent as follows:

### Background

1. On March 22, 2022 (the "Petition Date"), Little Washington Fabricators, Inc., a Pennsylvania Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor requests authority to retain, as special counsel, McNees Wallace & Nurick LLC (the "Firm"), to represent the Debtor in connection with general corporate and contract matters, labor and employment, and approved litigation (the "Corporate Matters").

3. As set forth in Section 327(e) of the Bankruptcy Code, "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee

1

in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter of which such attorney is to be employed." *See* 11 U.S.C. §327(e).

4. The Debtor is not sufficiently familiar with the law and its rights and duties involved in the Corporate Matters to resolve them without the aid of competent counsel.

5. The Debtor has made careful and diligent inquiry into the qualifications and competence of the Firm, and are advised that the Firm, by reason of ability, integrity and professional experience, is capable of providing proper legal counsel to the Debtor with regard to the Corporate Matters.

6. The Debtor seeks authority from this Court to engage the services of the Firm as special counsel for the Debtor.

7. The professionals at the Firm who are most likely to work in this bankruptcy are:

   a. Eric N. Athey           $445/hour
   b. Alan R. Boynton         $475/hour
   c. Joshua D. Cohen         $430/hour
   d. Jonathan H. Rudd        $425/hour

8. The Debtor is aware that it will be unable to pay any fees to the Firm until further order of this Court.

9. Prior to the filing of the bankruptcy case, the Firm represented the Debtor in various legal matters and, as of the Petition Date, the Debtor owed $22,740.99 for these services. Details regarding pre-petition representation and the application of payments made on behalf of

the Debtor to the Firm are set forth in the Declaration of Joshua D. Cohen, Esquire, attached hereto as Exhibit "A."

10. Since the Petition Date, no payments have been made to the Firm on behalf of the Debtor.

11. Other than its previous representation of the Debtor, the Firm has no connection with the Debtor and is not an insider or affiliate of the Debtor.

**WHEREFORE**, the Debtor requests retention of McNees Wallace & Nurick LLC as special counsel for the Debtor.

Respectfully submitted,

**Little Washington Fabricators, Inc.**

By: /s/ _____
Name: Douglas Howe
Title: President