## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LITTLE WASHINGTON** | : | |
| **FABRICATORS, INC.,** | : | **No. 22- 10695 (PMM)** |
| | : | |
| Debtor. | : | |

### DECLARATION OF JOSHUA D. COHEN, ESQUIRE, PURSUANT TO 11 U.S.C. § 327(e) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY McNEES WALLACE & NURICK LLC AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

I, Joshua D. Cohen, Esquire, being duly sworn according to law, depose and state as follows:

1. I am a Member of McNees Wallace & Nurick LLC ("McNees"), with offices located at 570 Lausch Lane, Suite 200, Lancaster, Pennsylvania, and I am admitted to practice in the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania and this Court, among others.

2. I submit this declaration pursuant to Federal Rule of Bankruptcy Procedure 2014 in support of the Debtor's application (the "Application") to retain McNees as Special Counsel *nunc pro tunc* to the Petition Date.

3. The facts set forth in the Application are true and correct.

4. McNees is seeking to be retained to represent Debtor's interests in the Corporate Matters, as that term is defined in the Application, and any matters ancillary thereto. McNees has been representing the Debtor and its principal/sole shareholder, Douglas L. Howe, since 2015. Prior to the Petition Date, McNees represented the Debtor in connection with the following matters: general business and employment matters ("Matter 1"); collection/defense action vs.

1

Crystal Steel Fabricators ("Matter 2"); collection/defense action vs. J. Blanco Associates, Inc. ("Matter 3"); collection/defense action vs. L.R. Costanzo Company, Inc. ("Matter 4"); and collection/defense action vs. Pelco Builders, Inc. ("Matter 5"). As a result of such representation, the Debtor owes McNees $22,740.99 for services rendered and expenses incurred pre-petition.

5. Additionally, within the 90 days before the Petition Date, McNees received the following payments from the Debtor, for services rendered and expenses incurred in connection with representation relating to the following matters and on the following invoices:

| Date Received | Matter | Invoice # | Payment |
|---|---|---|---|
| 1/26/2022 | Matter 1 | 5285362 | $ 690.75 |
| | Matter 4 | 5285363 | $16,707.49 |
| 3/8/2022 | Matter 1 | 5287758 | $ 1,521.00 |
| | Matter 4 | 5287759 | $ 7,098.99 |
| 3/20/2022 | Matter 1 | 5290025 | $ 4,422.00 |
| | Matter 1 | 5294112 | $ 2,247.67 |
| | Matter 4 | 5290026 | $ 351.99 |
| | Matter 5 | 5290027 | $ 469.48 |

6. To the best of my knowledge, information and belief, neither I nor any member of the McNees, has any connection with the Debtor, creditors of the Debtor, or any other party-in-interest, except as set forth herein.

7. McNees is aware that the Debtor will be unable to pay any fees to McNees until further order of this Court.

8. Since the Petition Date, no payments have been made to McNees by the Debtor.

9. To the best of my knowledge, information and belief, other than that which has been previously disclosed, neither I nor any member of McNees, holds any interest adverse to the above-entitled bankruptcy estate which would disqualify it from representing the Debtor, and said law firm is a disinterested person as defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: 3/30/22    By: _____
                      Joshua D. Cohen, Esquire