# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| LITTLE WASHINGTON FABRICATORS, | : |
| INC., | : BANKRUPTCY NO. 22- 10695(PMM) |
| DEBTOR. | : |
| | : |

## MOTION OF THE DEBTOR AND DEBTOR -IN- POSSESSION FOR AN ORDER PURSUANT TO 11 U.S.C. § 364(b) AUTHORIZING DOUGLAS HOWE TO MAKE A LOAN TO THE DEBTOR AS AN UNSECURED ADMINISTRATIVE CLAIM

Little Washington Fabricators, Inc., by and through its undersigned counsel, Ciardi Ciardi & Astin, hereby presents this Motion for an Order Pursuant to 11 U.S.C. § 364(b) authorizing Douglas Howe to make a post-petition loan to the Debtor as an unsecured administrative claim and requesting an expedited hearing thereon (the "Motion"). In support thereof, the Debtor avers as follows:

### BACKGROUND

1. On March 22, 2022 (the "Petition Date"), Little Washington Fabricators, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. No trustee or examiner has been appointed in this Chapter 11 case. As of today's date, no creditors' committee has been appointed in this Chapter 11 case by the United States Trustee.

3. The Debtor is a large metal fabricator which provides miscellaneous and structural steel for construction projects. The Debtor opened in 2012 in Gordonville, Pennsylvania with a small shop, four (4) employees and one truck. Today, the Debtor leases a 32,000 square foot shop in Christiana, Pennsylvania with a 3 acre yard where it now employees thirty (30) employees, has 8 trucks and sales over $25 million.

4. As set forth in the Debtor's first day pleadings, as a result of the Covid-19 pandemic, the Debtor began experiencing severe price escalations to its supplies. As the Covid-19 pandemic continued, the Debtor continued to experience work stoppages on its jobs, new job site requirements that required additional costs and imposed restrictions, and supply issues that were unprecedented and unable to be accounted for by the Debtor. In addition, due to the crunch across the industry, many general contractors have been slow to pay the Debtor.

5. In order for the Debtor to successfully reorganize, the Debtor needs to push forward on its contracts that it intends to assume. As such, the Debtor needs to purchase certain supplies/materials for its projects.

6. Accordingly, the Debtor requests permission to receive a loan from Douglas Howe ("Howe"), for an amount up to $50,000.00 to pay for supplies/materials needed on certain jobs as the Debtor awaits payment from its general contractors.

7. Once the Debtor's payment application(s) are paid by the general contractor on the specific job, the Debtor intends to repay Howe. Accordingly, it is necessary for the Debtor to be authorized to receive a loan from Howe as an unsecured administrative claim.

## THE BASIS FOR THE RELIEF REQUESTED AND THE REASONS THEREFOR

8. Section 364(b) of the Bankruptcy Code provides, as follows:

> (3) [t]he court, after notice and a hearing, may authorize the trustee to obtain unsecured credit to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 364 (b).

9. Section 503(b)(1) of the Bankruptcy Code provides, in pertinent part

> (b) [a]fter notice and a hearing, there shall be allowed

        administrative expense other than claims allowed under section 502(f) of this title . . ..

11 U.S.C. §503(b)(1).

10. As set forth above, the Debtor is awaiting payment on a number of projects. The Debtor needs to purchase certain supplies/materials to continue to perform on its contracts. Without the loan from Howe, the Debtor will be forced to wait for monies to come in before purchasing supplies which ultimately cause delays in the debtor's performance under certain contracts.

11. Accordingly, the Debtor believes that the loan from Howe is a necessary expense and should be treated as an administrative claim.

12. The Debtor respectfully requests that in order to address its immediate cash needs it be authorized to receive a loan from Howe in an amount not to exceed $50,000.00 as an administrative expense.

WHEREFORE, the Debtor respectfully requests the Court to enter an order at the time of the hearing granting the Debtor the authority to receive a loan from Howe, and granting such other and further relief as this Court deems just and proper.

Date: April 12, 2022

CIARDI CIARDI & ASTIN

By: /S/ Albert A. Ciardi, III
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(T) 215-557-3550
(F) 215-557-3551

Attorneys for the Debtor