IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

IN RE:  LITTLE WASHINGTON         :       CHAPTER 11
      FABRICATORS, INC.         :       BANKRUPTCY NO. 22-10695 (PMM)
                                         :
_____ :
LITTLE WASHINGTON                 :
FABRICATORS, INC.                 :       Adv. No.  22-_____
            Plaintiff         :
                                         :
      v.                          :
PARKVIEW BUILDERS LLC             :
d/b/a PARKVIEW BUILDERS INC.      :
          Defendant          :

## **COMPLAINT**

Plaintiff, Little Washington Fabricators, Inc. ("LWF"), hereby states the following as

its complaint and adversary claim against Defendant Parkview Builders LLC d/b/a

Parkview Builders Inc.:

1.      LWF is a Pennsylvania business corporation maintaining its principal place

of business at 52 Mill Street, Christiana, PA  17509.

2.      On March 22, 2022, LWF filed a voluntary petition for relief under Chapter

11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code") in the

United States Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 22-

10695.

3.      Defendant Parkview Builders LLC is a New York business corporation doing

business as Parkview Builders Inc and maintaining a principal place of business at 234

Broadway, 3rd Floor, Brooklyn, NY  11211.

4.      Pursuant to 28 U.S.C. § 1334(b), this Court has "related to" jurisdiction over the claims set forth below, as their outcome could significantly alter LWF as debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.  *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994  (3d Cir. 1984).

### Facts

5.      LWF entered into a subcontract dated August 10, 2020 for furnishing, fabricating, delivering and installing certain structural steel and related components with Defendant for a project known as 306 Rodney Street (the "Project").  A copy of the Subcontract between LWF and Defendant for the Project (hereinafter the "Subcontract") is attached hereto as Exhibit A, and incorporated herein as if set forth at length.

6.      In reliance upon the Subcontracts, LWF supplied labor, material and equipment to fabricate steel to Defendant's specifications for the Project, which LWF attempted repeatedly to schedule and arrange for delivery to the Project site for erection and installation.

7.      As of the date of filing this Complaint, LWF had completed $231,952.50 in materials fabrication work pursuant to Defendant's directives and the Subcontract for the Project.  LWF's unpaid pay applications and account summary for the Project are attached hereto as Exhibit B and incorporated as if set forth at length.

8.      Despite repeated demand, Defendant has failed and refused to pay LWF any portion of the $231,952.50 due and owing, and the finished steel remains at LWF's facility ready for delivery.

9.      Defendant is aware the steel is fabricated and ready at significant cost to LWF (and significant savings to Defendant considering current steel pricing), and has received LWF's invoices for the completed work, but has provided no justification for withholding payment of the $231,952.50 currently invoiced and due.

10.     Despite repeated demand, Defendant has denied payment to LWF for its work for the Project pursuant to the parties' Subcontract, leaving a principal balance due and owing of $231,952.50, exclusive of attorneys' fees, costs, and statutory interest and penalties.

## COUNT I

### BREACH OF CONTRACT

### Little Washington Fabricators, Inc. v. Parkview Builders LLC d/b/a Parkview Builders Inc.

11.     LWF incorporates its allegations from the paragraphs above as if set forth at length herein.

12.     Despite demand, Defendant has failed and/or refused to pay LWF the open and unpaid balances due and owing, which failure constitutes a breach of contract.

13.     All conditions prerequisite to LWF's entitlement to payment have been satisfied.

14.     Defendant is liable to LWF in the sum of $231,952.50, plus applicable pre- and post-judgment interest, attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant Parkview Builders LLC d/b/a Parkview Builders Inc. in the sum of $231,952.50 plus

statutory pre- and post-judgment interest, attorneys' fees, costs and such other relief as

the Court deems appropriate.

## COUNT II

## NEW YORK PAYMENT ACT

### Little Washington Fabricators, Inc. v. Parkview Builders LLC d/b/a Parkview Builders Inc.

15.     LWF incorporates its allegations from the paragraphs above as if set forth at

length herein.

16.     Pursuant to the New York Payment Act, N.Y. Gen. Bus. Law §756-a, *et seq.*,

a subcontractor is entitled to recover in addition to all sums due and owing, interest

calculated at 12% per annum on open and unpaid balances.

17.     LWF requests leave of court to submit said items of damage at or following

trial in order to properly calculate the statutory damages due and owing as a result of

Defendant's breach of contract.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant

Parkview Builders LLC d/b/a Parkview Builders Inc. in the sum of $231,952.50 plus

statutory pre- and post-judgment interest, costs and such other relief as the Court

deems appropriate.

## COUNT III

### DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL

### Little Washington Fabricators, Inc. v. Parkview Builders LLC d/b/a Parkview Builders Inc.

22.     LWF incorporates its allegations from the paragraphs above as if set forth at length herein.

23.     To the extent any portion of LWF's claim against Defendant is excluded from Count I, this Count III is pled in the alternative.

24.     LWF relied to its detriment on the ongoing directives and consent of Defendant to LWF's provision of labor and materials, so that Defendant is estopped from denying the existence of the above-described payment obligations, including to the extent Defendant asserts that some portion of those obligations fell outside of or were otherwise waived under the Subcontract.

25.     Defendant, among other things, conducted itself as if the above-described Subcontract was in full force and effect between it and LWF, as if all work directed by Defendant was authorized by Defendant and the owner of the Project, and necessary and binding upon LWF;  and in fact, Defendant accepted and utilized LWF's labor and materials in furtherance of the Project needs.

26.     Based on Defendant's ongoing representations, LWF reasonably relied upon Defendant's continuing adherence to the Subcontract between the parties and upon Defendant's directives to perform – and approval and acceptance of – all work.

27.     LWF did not breach any duties to Defendant which would bar LWF from asserting its right to recovery of all balances due in this matter.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant

Parkview Builders LLC d/b/a Parkview Builders Inc. in the sum of $231,952.50 plus

statutory pre- and post-judgment interest, attorneys' fees, costs and such other relief as

the Court deems appropriate.

**EASTBURN AND GRAY, PC**

**DATE:** 5/13/22

**By:**_____

**ROBERT R. WATSON, JR.**
Special Counsel for Little
Washington Fabricators, Inc.

PA ID 83787
470 Norristown Road, Suite 320
Blue Bell, PA  19422
(215) 345-7000
(215) 542-9421 (fax)
rwatson@eastburngray.com