**BOYLE & VALENTI LAW, P.C.**
**Carrie J. Boyle, Esquire**
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
(856) 499-3335
cboyle@b-vlaw.com
**Attorneys for the Creditor DRM Associates, Inc.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:* | Bankruptcy Case No. 22-10695 |
| **Little Washington Fabricators, Inc.,** | Chapter 11 |
| Debtor. | Judge: Patricia M. Mayer |

**Creditor DRM Associates, Inc. Motion for Allowance of Unpaid Administrative Claim Pursuant to 11 U.S.C. § 503(b)(9) and L.B.R. 3002-2(a)**

Creditor DRM Associates, Inc. (the "DRM"), by and through its undersigned counsel, Boyle & Valenti Law, P.C., hereby requests the entry of an Order granting the allowance of an unpaid administrative expense pursuant to 11 U.S.C. § 503(b)(9) (the "Motion"), and in support thereof, along with the Certification of Dennis McComas, President of DRM ("McComas Certification") incorporated herein, respectfully avers as follows:

### JURISDICTION

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are § 503(b)(9) of the Bankruptcy Code and L.B.R. 3002-2(a).

1

## BACKGROUND

4. Debtor filed a petition for relief under 11 U.S.C. § 1101, *et seq.* on March 22, 2022 (the "Petition Date").

5. DRM was named as a creditor in the Debtor's case.

6. DRM is engaged in the business of metal decking and stud welding.

7. Prior to the Petition Date, DRM was hired by the Debtor to supply steal shear studs ("Goods") and perform services at three (3) locations, the two (2) of which that are relevant to this motion are known as (i) Luxor Lansdale in Lansdale, Pennsylvania ("Luxor"), and (ii) Landis Place on King in Lancaster, Pennsylvania ("Landis Place").  See McComas Certification paragraph 2.

8. DRM provided Goods at Luxor on March 2, 2022 and March 3, 2022, twenty (20) days and nineteen (19) days respectively within the Petition Date.  See McComas Certification paragraph 7.

9. DRM expended $2,899.27 for Goods provided on March 2, 2022 and March 3, 2022 at Luxor, for which it has not been paid.  See McComas Certification paragraph 8.

10. DRM provided Goods at Landis Place on March 10, 2022 and March 18, 2022, twelve (12) days and four (4) days respectively within the Petition Date.  See McComas Certification paragraph 9.

11. DRM expended $2,433.86 for Goods provided on March 10, 2022 and March 18, 2022 at Landis Place, for which it has not been paid.   See McComas Certification paragraph 10.

## RELIEF REQUESTED

12. 11 U.S.C. § 503(b)(9) states that: "After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including,

the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

13. The language of the statute provides for the allowance of an administrative claim provided the claimant establishes: (1) the vendor sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days prior to filing; and (3) the goods were sold to the debtor in the ordinary course of business. In re Goody's Fam. Clothing Inc., 401 B.R. 131, 133 (Bankr. D. Del. 2009).

14. Although the Bankruptcy Code does not specifically define the term "Goods", the Delaware Bankruptcy Court concluded that the interpretation of the meaning of the term "Goods" should be consistent with the definition set forth in the Uniform Commercial Code. Article 2 of the Uniform Commercial Code ("UCC") governs sales of goods in 49 states.10 Section 2–105(1) provides the following definition: "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (chapter 8 of this title) and things in action. In re Goody's Fam. Clothing Inc., 401 B.R. 131, 134 (Bankr. D. Del. 2009).

15. The Goods identified in the instant motion (the steal shear studs) were sold to the Debtor in the ordinary course of its business of construction.

16. The Goods were movable at the time of identification to the contracts for sale, which contracts are attached to the McComas Certification as Exhibit A, and transported to the Luxor and Landis Place projects in accordance with contract terms.

3

WHEREFORE, Creditor DRM Associates, Inc., respectfully requests that this Honorable Bankruptcy Court enter an Order providing for $5,333.13 of DRM's total claim against Debtor be deemed as an unpaid administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) and for such other and further relief as the Bankruptcy Court may deem just and proper under the circumstances.

Respectfully Submitted,
BOYLE & VALENTI LAW, P.C.

/s/Carrie J. Boyle
Carrie J. Boyle, Esquire
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
856-499-3335
856-499-3304
cboyle@b-vlaw.com
Attorneys for DRM Associates, Inc.

Dated:  June 28, 2022